# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

TERRY TAYLOR,

        Petitioner,

    v.

J.V. FLOURNOY,

        Respondent.

CIVIL ACTION NO.: 2:15-cv-92

---

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Taylor ("Taylor"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 7.) Taylor failed to file a Response, despite being granted an extension of time to do so. (Doc. 10.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Taylor's Petition, **CLOSE** this case, and **DENY** Taylor *in forma pauperis* status on appeal.

## BACKGROUND

Taylor was convicted, after a jury trial, in the Northern District of Illinois of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); being in possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. § 5861(d); and being an armed career criminal, in violation of 18 U.S.C. § 924(e)(1). Jury Verdict, United States v. Taylor, 3:04-cr-50038, (May 17, 2005), ECF No. 55. Taylor was sentenced to a total of 300

months' imprisonment and five years' supervised release. J., <u>United States v. Taylor</u>, 3:04-cr-50038, (July 29, 2005), ECF No. 64. Taylor filed a direct appeal, alleging that he did not qualify as an armed career criminal. The Seventh Circuit Court of Appeals affirmed Taylor's convictions and sentence. <u>United States v. Taylor</u>, 179 F. App'x 957 (7th Cir. 2006).

Taylor filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Illinois. In that motion, Taylor alleged he was not an armed career criminal and that he received ineffective assistance of counsel. The Northern District of Illinois court denied Taylor's motion. J., <u>United States v. Taylor</u>, 3:07-cv-50167, (N.D. Ill. Mar. 24, 2008), ECF No. 14. The Seventh Circuit denied Taylor's request for certificate of appealability. Order, <u>United States v. Taylor</u>, 3:07-cv-50167, (N.D. Ill. Oct. 17, 2008), ECF No. 35.

Taylor filed a Petition for Writ of Habeas Corpus pursuant to Section 2241 in this Court and contended that he is "factually innocent" of being an armed career criminal, as defined by Section 924(e)(1), because he had not been previously convicted of three (3) violent felonies. The Magistrate Judge recommended that Taylor's petition be dismissed, as he did not satisfy the savings clause of 28 U.S.C. § 2255(e). The Honorable Lisa Godbey Wood adopted this recommendation as the opinion of the Court and dismissed Taylor's petition. Order and J., <u>Taylor v. United States</u>, CV209-41, (S.D. Ga. Feb. 5 and 9, 2010), ECF Nos. 14, 15. The Eleventh Circuit Court of Appeals determined that Taylor's appeal was frivolous and dismissed his appeal for want of prosecution. Orders, <u>Taylor v. United States</u>, CV209-41, (S.D. Ga. June 3 and 28, 2010), ECF Nos. 27, 28.

Taylor filed a second Petition in this Court and once again asserted he is not an armed career criminal. Taylor also asserted that his theft conviction in Illinois is not a violent felony, and, thus, he does not have three (3) predicate convictions to have received a sentence enhancement based on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Taylor contended that he satisfied Section 2255's savings clause, which would allow him to proceed under § 2241. This Court once again determined Taylor did not satisfy Section 2255's savings clause and dismissed his Petition. Taylor v. Haynes, Civil Action No. CV210-184, 2011 WL 2670757 (S.D. Ga. July 7, 2011), *vacated on reconsideration* on Mar. 21, 2012. The Eleventh Circuit later affirmed this Court's determination. Taylor v. Warden, 508 F. App'x 875 (11th Cir. 2013).

## DISCUSSION

In this Petition, which was filed on July 17, 2015, Taylor contends his sentence exceeds that prescribed by Section 922(g)(1). (Doc. 1, p. 1.) Taylor asserts he is entitled to his requested relief based on the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Id. at p. 6.) Taylor also asserts he is actually innocent of his ACCA enhancement.

Respondent asserts this Court lacks jurisdiction over Taylor's petition because he has an adequate alternative remedy, as he can file a second or successive Section 2255 motion, which the Seventh Circuit has authorized. (Doc. 7, p. 1.) Respondent avers Taylor must avail himself to this alternative remedy in his district of conviction.

## I.    Whether Taylor is Entitled to Relief Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the

fact of confinement.'" <u>Vieux v. Warden</u>, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting

<u>Bryant v. Warden, FCC Coleman-Medium</u>, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis

omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity

of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C.

§ 2255(a); <u>Turner v. Warden Coleman FCI (Medium)</u>, 709 F.3d 1328, 1333 (11th Cir. 2013). To

utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must

show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the

validity of a conviction and/or sentence. <u>Taylor v. Warden, FCI Marianna</u>, 557 F. App'x 911,

913 (11th Cir. 2014). "The petitioner bears the burden of coming forward with evidence

affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." <u>Smith v.

Warden, FCC Coleman-Low</u>, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A

petitioner may not argue the merits of his claim until he has opened the portal to a § 2241

proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." <u>Id.</u>

(citation omitted).

 In <u>Johnson</u>, the Supreme Court held that "imposing an increased sentence under the

residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due

process. . . . Today's decision does not call into question application of the Act to the four

enumerated offenses, or the remainder of the Act's definition of a violent felony." ___ U.S.

at___, 135 S. Ct. 2551, 2563. The ACCA

> defines "violent felony" as follows: "any crime punishable by imprisonment for a
> term exceeding one year . . . that—'(i) has as an element the use, attempted use,
> or threatened use of physical force against the person of another; or (ii) is
> burglary, arson, or extortion, involves use of explosives, *or otherwise involves
> conduct that presents a serious potential risk of physical injury to another.*'" §
> 924(e)(2)(B) (emphasis added). The closing words of this definition, italicized
> above, have come to be known as the Act's residual clause.

Johnson, ___ U.S. at ___, 135 S. Ct. at 2555–56.  The Eleventh Circuit "agree[s] that Johnson announced a new substantive rule of constitutional law," but "reject[s] the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review."  In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015)[1] (denying leave to file a second or successive motion to vacate, set aside, or correct sentence based on the Johnson decision and expressly rejecting the Seventh Circuit Court of Appeals' decision in Price v. United States, 795 F.3d 731 (7th Cir. 2015), applying Johnson retroactively to cases on collateral review).

Here, Taylor's conviction was obtained in the Northern District of Illinois, which lies within the Seventh Circuit.  While the Eleventh Circuit does not recognize retroactive application of the Johnson decision to Section 2255 cases in this Circuit, the Seventh Circuit does recognize such application.  Price, 795 F.3d at 731.  Thus, Taylor has a remedy available to him in his district of conviction.  In fact, Taylor petitioned the Seventh Circuit for authorization to file a second or successive Section 2255 motion in the district of his conviction in light of Johnson, and the Seventh Circuit granted that petition.  Taylor filed a Section 2255 motion in the Northern District of Illinois.  Mot., United States v. Taylor, 3:15cv50244, (N.D. Ill. Oct. 5, 2015), ECF No. 1.  In turn, the Northern District of Illinois vacated Taylor's sentence on November 12, 2015, and he was resentenced to 176 months' imprisonment on December 23, 2015.  Orders, United States v. Taylor, 3:04-cr-50038, (N.D. Ill. Nov. 12 and Dec. 23, 2015), ECF Nos. 98, 104.  Taylor has appealed his resentencing.  Notice of Appeal, United States v. Taylor, 3:04-cr-50038, (N.D. Ill. Jan. 4. 2016), ECF No. 108.

---

[1]  The Eleventh Circuit reemphasized its stance that Johnson does not apply retroactively to cases on collateral review because the Supreme Court did not "expressly hold" that that decision, which was decided on direct review, should apply retroactively.  In re Franks, ___ F.3d ___, No. 15-15456, 2016 WL 80551, at *2 (11th Cir. Jan. 6, 2016).

Because Taylor has failed to show the remedy afforded by Section 2255 is inadequate or ineffective to challenge the legality of his conviction, he cannot proceed in this Court pursuant to Section 2241. Accordingly, and for the reasons set forth herein, I **RECOMMEND** this Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Taylor's Petition, and **CLOSE** this case.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Taylor leave to appeal *in forma pauperis*. Though Taylor has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Taylor's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Taylor's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Taylor leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Taylor and Respondent.

        **SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of February, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA